UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
BERNADETTE CRAWLEY-MACK AND KEITH MACK,

                        Plaintiffs,

   v.

RITE AID OF NEW YORK, INC., doing business as RITE AID PHARMACY, "JOHN DOE," the name of Pharmacist being unknown, UNITED HEALTHCARE OF NEW YORK, INC., and "XYZ CORP," a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions,

                        Defendants.
--------------------------------------------------------------------------------X

Civil Action No.

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

       The Petitioner-Defendant herein, Oxford Health Plans (NY), Inc. incorrectly sued herein as United Healthcare Of New York, Inc. (hereinafter "Oxford"), by its attorneys, Sedgwick LLP, respectfully represent as follows:

       1.    On or about June 29, 2016 an action was commenced against Defendants, in the Supreme Court of the State of New York, County of Kings, by Plaintiffs, Bernadette Crawley-Mack and Keith Mack. The suit is identified in the Supreme Court of the State of New York, County of Kings as *Bernadette Crawley-Mack & Keith Mack* v. *Rite Aid of New York, Inc. doing business as Rite Aid Pharmacy, "JOHN DOE," the name of Pharmacist being unknown, United Healthcare of New York, Inc., and "XYZ CORP," a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions,* Index No. 511012/2016.

       2.    The Summons and Complaint is the initial pleading that Plaintiffs served upon Defendants on which this action is based. On July 7, 2016, Plaintiffs served a copy of the Summons and Complaint by delivering it to United's statutory agent pursuant to the New York Business

Corporation Law §306 for service of process. The Summons and Complaint were mailed to United's designated agent for service of process—CT Corp. The Summons and Complaint were not received by CT Corp until July 19, 2016.

3. The Complaint alleges seven causes of action against Defendants sounding in claims of negligence and medical malpractice. A copy of the Summons and Complaint is attached hereto as **Exhibit "A."** The sole cause of action against Oxford is the Fifth Cause of Action, which sounds in common law negligence or medical malpractice. The claims arise out of Oxford's processing of claims for pharmacy benefits under an employee welfare benefit plan under which Plaintiff Bernadette Crawley-Mack was enrolled. Mrs. Crawley-Mack was enrolled in a health benefit plan that was established and maintained by Wiesner Products, Inc., which was her then employer. The plan benefits were insured by Oxford, and Oxford administered the claims for benefits under the plan. Plaintiffs allege that Oxford processed and approved prescription benefits for Levetiracetam, on or about March 22, 2014, and it should not have done so. (Comp., ¶¶ 35, 112). Plaintiffs allege that Oxford breached "a duty to Plaintiffs to review all prescription medications being filled for the benefit of the Plaintiff," Bernadette Crawley-Mack, and a "duty to the Plaintiffs to contact the pharmacy filling a prescription for the Plaintiffs to inform same if there are potential problems with the medication that is being filled by the pharmacy." (Comp., ¶¶ 108-109). These claims against Oxford are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA"). *See Cicio* v. *Does*, 385 F.3d 156, 158 (2d Cir. 2004) ("Neither of the defendants was actually providing medical care to Mr. Cicio. It follows that the plaintiff's state malpractice claim was completely preempted by ERISA.").

4. The Complaint is the first paper received by United in which Plaintiffs allege a claim establishing the existence of federal question jurisdiction and consequently, this action is removable to this Court pursuant to 28 U.S.C. §1446(b).

83654460v1

5. The filing of this petition for removal is timely because it is within thirty (30) days of the date Defendants first received notice that this action became removable on the basis of federal question jurisdiction under 28 U.S.C. §1331. *See Whitaker* v. *American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001); *McCulloch Orthopedic Surgical Servs., PLLC* v. *United Healthcare Ins. Co. of New York*, No. 14-CV-6989 JPO, 2015 WL 3604249, at *3 (S.D.N.Y. June 8, 2015).

### THIS ACTION IS REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C.§1441(a)

5. The basis for federal question jurisdiction is that Plaintiffs' Complaint alleges a claim for medical malpractice against Oxford arising out of Oxford's administration of the applicable employee welfare benefit plan under with Plaintiff Bernadette Crawley-Mack was enrolled. (Exhibit "A"). Pursuant to 29 U.S.C. §1132(e)(1), federal courts have primary jurisdiction over such claims. All of Plaintiffs' claims as articulated in their Complaint against United are either completely preempted or removable to federal court. *See Aetna Health, Inc.* v. *Davila* ("*Davila*"), 542 U.S. 200 (2004); *Metropolitan Life Ins. Co.* v. *Taylor,* 481 U.S. 58 (1987); *Rubin-Schneiderman* v. *Merit Behavioral Care Corp.*, 121 F. App'x 414, 415 (2d Cir. 2005) ("The parties do not dispute that [*Davila*], and *Cicio* [ ], require us to affirm the District Court's holding that Plaintiff's common-law negligence claims are preempted by ERISA.").

6. Accordingly, the above-referenced action between Plaintiffs and Oxford is one which this Court has original jurisdiction under 28 U.S.C. §1331 and is one that may be removed to this Court by Oxford pursuant to the provisions of 28 U.S.C.§1441(a) in that it is a civil action where the Complaint alleges a federal question. This Court may exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. §1367(a).

7. The only defendants joined in this action are United and co-defendant Rite Aid of New York, Inc. doing business as Rite Aid Pharmacy ("Rite Aid"). The fictitious "John Doe" and

"XYZ Corp" have not been joined as parties.  Annexed hereto as **Exhibit "B"** is the Consent to Removal executed by Rite Aid's counsel.

**WHEREFORE**, Petitioner-Defendant in this action described herein currently pending in the Supreme Court of the State of New York, County of Kings, Index No. 511012/2016, pray that this action be removed there from to this Honorable Court.

Dated: New York, New York
       August 18, 2016

                                        Respectfully submitted,

                                        s/John T. Seybert
                                        JOHN T. SEYBERT (JS 5014)
                                        SEDGWICK LLP
                                        225 Liberty Street, 28th Floor
                                        New York, NY 10281
                                        Telephone: (212) 422-0202
                                        john.seybert@sedgwicklaw.com
                                        *Attorney for Defendant*
                                        *United Healthcare Insurance Company of New York, Inc.*

TO:

Dimitrios Kourouklis, Esq.
Law Office of Dimitrios Kourouklis, PH.D
20 West 20th Street, 2nd Floor
New York, New York 10011
(929)400-7608
kourouklislaw@gmail.com
*Attorney for Plaintiffs*

Seth B. Rubine, Esq.
Rubine & Rubine, LLC
140 E. Ridgewood Avenue
South Tower, Suite 415
Paramus, NJ 07652
201.940.7368
srubine@rubinelaw.com
*Attorney for Defendant*
Rite Aid of New York, Inc. doing business as Rite Aid Pharmacy

83654460v1

## CERTIFICATE OF SERVICE

I, John T. Seybert, pursuant to 28 U.S.C. §1746 hereby certify under penalty of perjury that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via regular mail on this 18th day of August, 2016, upon the following:

Dimitrios Kourouklis, Esq.
Law Office of Dimitrios Kourouklis, PH.D
20 West 20th Street, 2nd Floor
New York, New York 10011
(929)400-7608
kourouklislaw@gmail.com

Seth B. Rubine, Esq.
Rubine & Rubine, LLC
140 E. Ridgewood Avenue
South Tower, Suite 415
Paramus, NJ 07652
201.940.7368
srubine@rubinelaw.com
*Attorney for Defendant*
Rite Aid of New York, Inc. doing business as Rite Aid Pharmacy

s/John T. Seybert
JOHN T. SEYBERT (JS 5014)

83654460v1