SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
BERNADETTE CRAWLEY-MACK and KEITH MACK,

Index No.: 511012/16
*filed 6/29/16*
**SUMMONS**

Plaintiff designates:
Kings County
as the place of trial

Plaintiff,

-against-

Plaintiff's Residence:
78 Midwood Street
Brooklyn, New York 11225

RITE AID OF NEW YORK INC., doing business as
RITE AID PHARMACY, "JOHN DOE," the name of
Pharmacist being unknown, UNITED HEALTHCARE
OF NEW YORK, INC. and "XYZ CORP," a fictitious
software corporation that created the software that is
utilized by pharmacies and pharmacists to fill prescriptions,

Defendants.

Basis for Venue:
Plaintiff's residence

------------------------------------------------------------------X

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and

to serve a copy of your answer or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York): and in case of your

failure to appear or answer, judgment will be taken for the relief demanded herein.

### *Attorney's Certification*

*The undersigned certifies that, to the best of the undersigned's
knowledge, information, and belief, formed after a reasonable inquiry
under the circumstances, the presentation of the within Summons to
expedite is not frivolous as defined in 22 NYCRR § 130-1.1(C).*

Dated:     New York, New York
            June 28, 2016

                        **LAW OFFICE OF**
                        **DIMITIOS KOUROUKLIS, Ph.D**
                        *Attorneys for Plaintiffs*
                        *BERNADETTE CRAWLEY-MACK and*
                        *KEITH MACK*
                        20 West 20th Street, 2nd Floor
                        New York, New York 10011
                        (929) 400-7608

                BY: _____
                        DIMITRIOS KOUROUKLIS

Defendants' Address:

RITE AID OF NEW YORK, INC.
Attn: Tax Dept.
30 Hunter Lane
Camp Hill, Pennsylvania 17011

UNITED HEALTHCARE OF NEW YORK, INC.
77 Water Street, 14th/15th Floor
New York, New York 10005

JOHN DOE

XYZ CORP.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
BERNADETTE CRAWLEY-MACK and KEITH MACK,

                                   Plaintiffs,

        -against-

RITE AID OF NEW YORK INC., doing business as
RITE AID PHARMACY, "JOHN DOE," the name of
Pharmacist being unknown, UNITED HEALTHCARE
OF NEW YORK, INC., and "XYZ CORP," a fictitious
software corporation that created the software that is
utilized by pharmacies and pharmacists to fill prescriptions,

                            Defendants.

------------------------------------------------------------------------X

Index No.: 511012/16
*filed 6/29/16*

**VERIFIED
COMPLAINT**

       Plaintiffs, BERNADETTE CRAWLEY-MACK and KEITH MACK, by their attorneys,

Law Office of Dimitrios Kourouklis, Ph.D., complaining of the Defendants RITE AID OF NEW

YORK INC., doing business as RITE AID PHARMACY, "JOHN DOE," the name of

pharmacist being unknown, UNITED HEALTHCARE INSURANCE COMPANY, and "XYZ

CORP." a fictitious software corporation that created the software that is utilized by pharmacies

and pharmacists to fill prescriptions, upon information and belief, allege as follows:


## THE PARTIES

     1.     At all times hereinafter mentioned, Plaintiff BERNADETTE CRAWLEY-MACK

is and was a resident of the State of New York, County of Kings.

     2.     At all times hereinafter mentioned, Plaintiff KEITH MACK is and was a resident

of the State of New York, County of Kings

3.      The causes of action herein alleged arose in the State of New York, County of Kings.

## AS TO THE FIRST CAUSE OF ACTION

4.      That this action falls within one or more of the exemptions set forth in C.P.L.R. § 1602.

5.      That at all times hereinafter mentioned, Defendant RITE AID OF NEW YORK, INC. d/b/a RITE AID PHARMACY ("RITE AID") was a domestic corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York.

6.      That at all times hereinafter mentioned, Defendant RITE AID was a foreign corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York.

7.      That at all times hereinafter mentioned, Defendant RITE AID was a professional corporation doing business in the State of New York.

8.      That at all times hereinafter mentioned, Defendant RITE AID owned a pharmacy located at 1679 Bedford Avenue, Brooklyn, New York 11225.

9.      At all times hereinafter mentioned, Defendant RITE AID was and still is engaged in conducting and operating a pharmacy at 1679 Bedford Avenue, Brooklyn, New York.

10.     That at all times hereinafter mentioned, Defendant RITE AID operated said pharmacy.

11.     That at all times hereinafter mentioned, Defendant RITE AID maintained said pharmacy.

12.     That at all times hereinafter mentioned, Defendant RITE AID managed said pharmacy.

2

13.    That at all times hereinafter mentioned, Defendant RITE AID controlled said pharmacy.

14.    That at all times hereinafter mentioned, Defendant RITE AID held itself out as a pharmacy duly qualified and capable of fulfilling prescription medications to the general public, including the Plaintiffs herein.

15.    That at all times hereinafter mentioned, Defendant RITE AID, its servants, agents, and/or employees provided pharmacists and other medical personnel at said pharmacy to provide pharmaceutical drugs to the general public and Plaintiffs herein.

16.    That at all times hereinafter mentioned, Defendant RITE AID agreed to and did hold itself out as maintaining an adequate and competent staff, including pharmacists, and other medical personnel, and further warranted that the members of this said staff were qualified and/or trained for the purpose of prescribing and fulfilling prescription medications as they would be required to provide in accordance with the accepted standards of a medical practice to persons seeking and requiring prescription medications, including the Plaintiff BERNADETTE CRAWLEY-MACK and said Defendant further held itself out as being equipped in sufficient manner to render such care and treatment.

17.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown" was or represented himself and/or herself to be a pharmacist duly licensed or authorized to prescribe and dispense medication in the State of New York.

18.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown, held himself and/or herself out to be a pharmacist possessing the skill and ability of a member of the pharmacy profession and represented that he/she was capable

3

of diagnosing, treating, advising, referring, recommending and caring for such conditions for which he/she would undertake to advise, prescribe and dispense medications and treatment.

19.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown, was an employee of a professional corporation.

20.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown, was an employee of a professional corporation known as RITE AID.

21.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown, was a servant, agent, and/or employee of and/or affiliated with the Defendant RITE AID.

22.    That at all times hereinafter mentioned, Defendant RITE AID granted "JOHN DOE," said name of pharmacist being unknown, privileges to act as a licensed pharmacist and to engage in the practice of the profession and hold himself and/or herself out to the general public to be a competent, qualified and skilled pharmacist.

23.    That at all times hereinafter mentioned, Defendants RITE AID and "JOHN DOE," said name of pharmacist being unknown, represented that their servants, agents, employees, were capable, competent and qualified to properly and adequately order, recommend, request, advise, render, or provide all prescription medications ordered, recommended, requested, required and advised to, performed upon, rendered and/or provided to Plaintiff BERNADETTE CRAWLEY-MACK.

24.    That at all times hereinafter mentioned, Defendant RITE AID represented that the Defendant "JOHN DOE," said name of pharmacist being unknown, was capable, competent and qualified to properly and adequately request, advise, perform, prescribe, dispense, render or

4

provide all of the professional evaluations, care, services and fill prescriptions as needed to be provided to Plaintiff BERNADETTE CRAWLEY-MACK.

25.    That at all times hereinafter mentioned, Defendant RITE AID represented that their servants, agents and/or employees were capable, competent and qualified to properly and adequately request, advise, perform, prescribe, dispense, render or provide all of the professional evaluations, care, services and fill prescriptions as needed to be provided to Plaintiff BERNADETTE CRAWLEY-MACK.

26.    That at all times hereinafter mentioned, Defendant RITE AID represented that the Defendant was capable, competent and qualified to properly and adequately request, advise, perform, prescribe, dispense, render or provide all of the professional evaluations, care services and fill prescriptions as needed to be provided to Plaintiff BERNADETTE CRAWLEY-MACK.

27.    That at all times hereinafter mentioned, Defendant "JOHN DOE," said name of pharmacist being unknown, represented that Defendant was capable, competent and qualified to properly and adequately request, advise, perform, prescribe, dispense, render or provide all of the professional evaluations, care services and fill prescriptions as needed to be provided to Plaintiff BERNADETTE CRAWLEY-MACK.

28.    That the Defendant RITE AID was responsible for the negligent acts and omissions of its agents, servants, personnel, pharmacists, and/or employees under the theory of respondeat superior.

29.    That the Defendant "JOHN DOE," said name of pharmacists being unknown, was responsible for the negligent acts and omissions of its agents, servants, personnel, affiliated pharmacists, and/or employees under the theory of respondeat superior.

5

30.     Starting on March 22, 2013 and commencing for a period of time subsequent thereto, the Plaintiff BERNADETTE CRAWLEY-MACK came under the care of the Defendant RITE AID in connection with certain medical care, advice, management and fulfillment of prescription medications to be rendered to the Plaintiff BERNADETTE CRAWLEY-MACK by said Defendants.

31.     Starting on March 22, 2014 and commencing for a period of time subsequent thereto, the Plaintiff BERNADETTE CRAWLEY-MACK came under the care of the Defendant "JOHN DOE," said name of pharmacist being unknown, in connection with certain medical care, advice, management and fulfillment of prescription medications to be rendered to the Plaintiff BERNADETTE CRAWLEY-MACK by said Defendants.

32.   ·  That on or about March 22, 2014 and for a period of time subsequent thereto, Defendant RITE AID did undertake the care of the Plaintiff BERNADETTE CRAWLEY-MACK, providing the Plaintiff with care, advice, attention, prescription medication and accepted the plaintiff as a patient/customer.

33.     That on or about March 22, 2014 and for a period of time subsequent thereto, Defendant "JOHN DOE," said name of pharmacist being unknown, did undertake the care of the Plaintiff BERNADETTE CRAWLEY-MACK, providing the Plaintiff with care, advice, attention, prescription medication and accepted the plaintiff as a patient/customer.

34.     That on or about March 22, 2014 and for a period of time subsequent thereto, Defendant RITE AID did provide continuing medical care, advice and prescription medications to the Plaintiff BERNADETTE CRAWLEY-MACK, up to the present time and into the future.

35.     That on or about March 22, 2014 and for a period of time subsequent thereto, Defendant "JOHN DOE," said name of pharmacist being unknown, did provide continuing

6

medical care, advice and prescription medications to the Plaintiff BERNADETTE CRAWLEY-MACK, up to the present time and into the future.

36.     That the Defendant RITE AID did undertake to provide medical care, advice, counseling and prescription medication to the Plaintiff BERNADETTE CRAWLEY-MACK.

37.     That the Defendant "JOHN DOE," said name of pharmacist being unknown, did undertake to provide medical care, advice, counseling and prescription medication to the Plaintiff BERNADETTE CRAWLEY-MACK.

38.     That on or about March 22, 2014, the Plaintiff BERNADETTE CRAWLEY-MACK was a patient/customer of the Defendant RITE AID.

39.     That on or about March 22, 2014, the Plaintiff BERNADETTE CRAWLEY-MACK was a patient/customer of the Defendant "JOHN DOE," said name of pharmacist being unknown.

40.     That on or about March 22, 2014, and for a period of time subsequent thereto, Defendant RITE AID, its servants, agents, affiliated pharmacists and/or employees did provide medical care, advice, counseling, order and render prescription medications for and to Plaintiff BERNADETTE CRAWLEY-MACK.

41.     That the foregoing treatment and management of the Plaintiff BERNADETTE CRAWLEY-MACK, by the Defendant RITE AID, their servants, agents, affiliated, pharmacists and/or employees was performed in such a careless, negligent, wanton, reckless heedless, and willful manner as to manifest and evidence a reckless disregard for the safety and well-being of others, including the Plaintiff, and not in accordance with the good and accepted standards of medical and pharmacy care and practice and thereby causing the Plaintiff to sustain severe injuries and damages.

42.    That the foregoing injuries and damages to the Plaintiff BERNADETTE CRAWLEY-MACK were caused solely by virtue of the carelessness, negligence, malpractice, wanton and willful disregard on the part of the Defendants, their servants, agents, pharmacists, employees failure to provide ordinary care to the Plaintiff, without any negligence on the part of the Plaintiff contributing thereto.

43.    That medical evaluations, care, treatment, procedures, tests, studies, referrals, and/or recommendations ordered, requested, recommended, advised, performed, rendered or provided to Plaintiff BERNADETTE CRAWLEY-MACK by the Defendants herein were ordered, recommended, advised, performed, rendered or provided by persons who were incompetent or unqualified to order, recommend, request, advise, perform, prescribe, dispense, render, or provide examinations, evaluations, care, treatments, procedures, tests, studies, services or advice to and/or Plaintiff.

44.    Those persons who ordered, requested, recommended, referred, advised, performed, rendered or provided examinations, evaluations, care, treatments, procedures, tests, studies, services or advice to and for the Plaintiff BERNADETTE CRAWLEY-MACK herein were incompetent and/or unqualified to order, recommend, request, advise, perform, prescribe, dispense, render or provide such professional examinations, evaluations, care, treatments, procedures, tests, studies, services or advice of, for and to said Plaintiff.

45.    The Defendants failed to promulgate, enforce, abide by, or follow appropriate rules, regulations, guidelines, procedures, policies, provide ordinary care or protocols with respect to the rendering or providing prescription medications, medical care, treatment, procedures, services, or advice to and/or for the Plaintiff herein.

8

46.     That Defendants failed to provide the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the damages involved and the consequences which may attend intention.

47.     That Defendant RITE AID failed to fill prescription medication precisely as directed by Plaintiff's physicians.

48.     That Defendant "JOHN DOE," said name of pharmacist being unknown, failed to fill prescription medication precisely as directed by Plaintiff's physicians.

49.     That RITE AID was aware that Plaintiff had a condition that would render the prescription of the drug at issue contraindicated.

50.     That "JOHN DOE," said name of pharmacist being unknown, was aware that Plaintiff had a condition that would render the prescription of the drug at issue contraindicated.

51.     That by reason of the foregoing, the Plaintiff was severely injured and damages, rendered sick, sore, lame, and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotionally upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; Plaintiffs' marriage and family life was greatly affected; Plaintiff BERNADETTE CRAWLEY-MACK will be unable to pursue the usual duties with the same degree of efficiency as prior to the negligence and malpractice of the Defendants, all to the Plaintiffs' great damage.

52.     That this action falls within one or more of the exceptions set forth in CPLR § 1602.

9

53.     Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of the Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that the Defendants owed the Plaintiffs a non-delegable duty of care.

54.     Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of CPLR § 1601, by reasons of the fact that said Defendants are vicariously liable for the negligent acts and omissions of those who caused or contributed to Plaintiffs' injuries.

55.     Pursuant to CPLR § 1602(5), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants' wrongful conduct was intentional.

56.     Pursuant to CPLR § 1602(7), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

57.     Pursuant to CPLR § 1602(11), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic losses, irrespective of the provisions of CPLR § 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause that acts or failures which are a proximate cause of Plaintiffs' injuries.

58.     That by reason of the foregoing, Plaintiffs have sustained serious injuries and damages in the amount in excess of the monetary jurisdictional limits of any and all lower Courts

10

which would otherwise have jurisdiction, in the amount to be determined at the time of trial in this action.

## AS TO THE SECOND CAUSE OF ACTION

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "58," inclusive with the same force and effect as if fully set forth herein at length.

60.     At all times herein mentioned, Defendants, their agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, consultations, care, treatments, procedures, medications, tests, studies, services, or advice of, for and to Plaintiff on behalf of, jointly with, or under the supervision of Defendants herein, failed to inform and/or failed to fully inform Plaintiffs of the nature, purposes, known perils, recognized hazards, risks of possible complications of the examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised for, performed upon, rendered to, or provided to Plaintiff BERNADETTE CRAWLEY-MACK; nor did Defendants inform Plaintiff of any alternative methods of treatment; nor did Defendants obtain an informed consent by and or on behalf of the Plaintiff regarding the outcome or possible consequences of the examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, or advice ordered, requested, recommended, advised, performed, rendered, or provided or committed to be ordered, requested, recommended, advised, performed, rendered, or provided for and to the Plaintiffs.

61.     At all times herein mentioned, Defendants, their agents, servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered or provided

11

examinations, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advise of, for and to Plaintiff BERNADETTE CRAWLEY-MACK on behalf of, jointly with, or under the supervision of the Defendants herein, failed to inform and/or to fully inform Plaintiff or Plaintiff's lawful representative, or to warn and/or fully warn Plaintiff BERNADETTE CRAWLEY-MACK of the nature, purposes, known perils, recognized hazards, risks, or possible complications of the examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised from, performed upon, rendered to, or provided to Plaintiff BERNADETTE CRAWLEY-MACK; nor did Defendants nor did said persons inform Plaintiff of any alternative methods of treatments; nor did Defendants, nor did said persons, obtain the informed consent by or on behalf of Plaintiff regarding the outcome or possible consequence of the examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advices ordered, requested, recommended, advised, performed, rendered, or provided or omitted to be ordered, requested recommended, advised, performed, rendered or provided of, for, and to Plaintiff BERNADETTE CRAWLEY-MACK, which failure in the conduct of their business and/or trade and/or the furnishing of services by the Defendants and/or were in violation of New York General Business Law § 349.

62.     As a result of all of the foregoing, the Plaintiffs were denied the opportunity to make an informed decision as to the examinations, medications, evaluations, diagnoses, consultations, care, treatment, procedures, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided to her.

63.     As a result of all of the foregoing, Plaintiffs were denied the opportunity to seek alternative examinations, medications, evaluations, diagnoses, consultations, care, treatments,

procedures, tests, studies, services, or advice they would have chosen or elected had they been informed and/or fully informed as to the nature, purpose, known perils, recognized hazards, risks, and possible complications of the examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice ordered for, requested for, recommended for, advised for, performed upon, rendered to, or provided to Plaintiffs.

64. Had a reasonably prudent person in the condition of the Plaintiffs been fully informed as to the nature, purpose, known perils, recognized hazards, risks, and possible complications of the examinations, medications, evaluations, diagnoses, consultations, care, treatment, procedures, tests, studies, services, or advice which were ordered for, upon, or to Plaintiffs, reasonable prudent persons in the condition of the Plaintiff BERNADETTE CRAWLEY-MACK would have refused said examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, or advice, or would have sought and/or obtained alternative examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services and/or advice.

65. Had Plaintiffs been fully informed as to the nature, purposes, known perils, recognized hazards, risks, and possible complications of the examinations, medications, evaluations, diagnoses, consultations, care, treatment, procedures, tests, studies, services, or advice which were ordered for, upon, or to Plaintiffs, a reasonably prudent person in the condition of Plaintiff BERNADETTE CRAWLEY-MACK would have refused said examinations, medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, or advice, or would have sought and/or obtained alternative examinations,

13

medications, evaluations, diagnoses, consultations, care, treatments, procedures, tests, studies, services, and/or advice.

66. As a result of the foregoing, Plaintiff BERNADETTE CRAWLEY-MACK was caused to and did suffer and sustain severe and serious personal injuries.

67. As a result of the foregoing, Plaintiff BERNADETTE CRAWLEY-MACK was caused to and did suffer and sustain severe and serious conscious pain and suffering.

68. As a result of the foregoing, Plaintiff BERNADETTE CRAWLEY-MACK was caused to and did suffer and sustain severe and serious mental anguish.

69. As a result of the foregoing, Plaintiff BERNADETTE CRAWLEY-MACK was caused to and did suffer and sustain severe and serious economic losses.

70. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by the Plaintiffs were occasioned by reason or the negligence, carelessness, recklessness, and/or malpractice of the Defendants herein, their servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, medications, evaluations, diagnoses, consultations, care treatments, procedures, studies, tests, services, or advice of, for, and to Plaintiff on behalf of, jointly with, or under the supervision of the Defendants herein, and said injuries were in no way contributed to by the Plaintiffs.

71. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by the Plaintiffs were occasioned by deceptive acts and/or practices of the Defendants in the conduct of their business and/or trade and/or the furnishing of the services by

14

the Defendants and/or the violation of New York General Business Law § 329 and said injuries were in no way contributed to by Plaintiffs.

72.     As a result of all of the foregoing, Plaintiffs have been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts, which would otherwise have jurisdiction over the actions.

## AS TO THE THIRD CAUSE OF ACTION

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "72," inclusive with the same force and effect as if fully set forth herein at length.

74.     That on March 22, 2014, Defendant RITE AID controlled the aforesaid premises.

75.     That on March 22, 2014, Defendant RITE AID inspected the aforesaid premises.

76.     On or about March 22, 2014, Plaintiff BERNADETTE CRAWLEY-MACK was given the wrong prescription medications, was caused to be injured due to the carelessness and negligence of the Defendant RITE AID through its agents, servants, and/or employees.

77.     On or about March 22, 2014, Plaintiff BERNADETTE CRAWLEY-MACK was given the wrong prescription medications, was caused to be injured due to the carelessness and negligence of the Defendant "JOHN DOE," said name of pharmacist being unknown, through its agents, servants, and/or employees.

78.     That said occurrence and the injuries to Plaintiffs resulting therefrom were caused solely and wholly by the negligence of the Defendants and without any negligence on the part of the Plaintiffs contributing thereto.

79.     The negligence of the Defendant RITE AID, its agents, employees, and servants consisted in permitting Plaintiff BERNADETTE CRAWLEY-MACK to be given the wrong

15

prescription medications, in failing to educate Plaintiff BERNADETTE CRAWLEY-MACK, in violating pharmacy rules and regulations, in failing to follow-up with Plaintiff BERNADETTE CRAWLEY-MACK, in failing to hire competent personnel, in failing to train personnel, in negligent supervision of its employees, in violating the pharmacy's own internal rules and regulations, in failing to notify Plaintiff BERNADETTE CRAWLEY-MACK of the error on numerous occasions, in failing to properly observe and care of Plaintiff BERNADETTE CRAWLEY-MACK and in all other ways negligent.

80.    That Defendants failed to provide the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the damages involved and the consequences which may attend inattention.

81.    That Defendant RITE AID failed to fill prescription medications precisely as directed by Plaintiff BERNADETTE CRAWLEY-MACK's physician.

82.    That Defendant "JOHN DOE," said name of pharmacist being unknown, failed to fill prescription medications precisely as directed by Plaintiff BERNADETTE CRAWLEY-MACK's physician.

83.    That Defendant RITE AID was aware that Plaintiff BERNADETTE CRAWLEY-MACK had a condition that would render the prescription of the drug at issue contraindicated.

84.    That Defendant "JOHN DOE," said name of pharmacist being unknown, was aware that Plaintiff BERNADETTE CRAWLEY-MACK had a condition that would render the prescription of the drug at issue contraindicated.

85.    As a result of the foregoing, Plaintiff was caused to and did suffer and sustain severe and serious personal injuries.

16

86. As a result of the foregoing, Plaintiff was caused to and did suffer and sustain severe and serious conscious pain and suffering.

87. As a result of the foregoing, Plaintiff was caused to and did suffer and sustain severe and serious mental anguish.

88. As a result of the foregoing, Plaintiff was caused to and did suffer and sustain severe and serious economic losses.

89. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses, suffered and sustained by Plaintiffs were occasioned by reason or the negligence, carelessness, recklessness, and/or malpractice of the Defendants herein, their servants, employees, or those persons who ordered, requested, recommended, advised, performed, rendered, or advised of, for and to Plaintiff on behalf of, jointly with, or under the supervision of the Defendants herein, and said injuries were in no way contributed to by the Plaintiffs.

90. The aforesaid severe and serious personal injuries, severe and serious conscious pain and suffering, severe and serious mental anguish, and severe and serious economic losses suffered and sustained by the Plaintiffs were occasioned by deceptive acts and/or practices of the Defendants in the conduct of their business and/or trade and/or the furnishing of the services by the Defendants and/or the violation of New York General Business Law § 329 and said injuries were in no way contributed to by Plaintiffs.

91. As a result of all of the foregoing, Plaintiffs have been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts, which would otherwise have jurisdiction over the actions.

17

## AS TO THE FOURTH CAUSE OF ACTION

92.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "91," inclusive with the same force and effect as if fully set forth herein at length.

93.     That on or about March 22, 2014, Plaintiffs were lawfully present at the aforesaid premises.

94.     That as a result of the foregoing, Plaintiff BERNADETTE CRAWLEY-MACK was caused to sustain serious personal injuries as hereinafter set forth.

95.     That aid occurrence, injuries, and damages were caused by reason of the negligence without any negligence on the part of the Plaintiffs contributing thereto

96.     That Defendants failed to provide the highest practicable degree of prudence, thoughtfulness and vigilance commensurate with the damages involved and the consequences which may attend inattention.

97.     That Defendant RITE AID failed to fill prescription medications as directed by Plaintiff's physician.

98.     That Defendant JOHN DOE," said name of pharmacist being unknown, failed to fill prescription medications as directed by Plaintiff's physician.

99.     That Defendant RITE AID was aware that Plaintiff BERNADETTE CRAWLEY-MACK had a condition that would render the prescription of the drug at issue contraindicated.

18

100.    That Defendant "JOHN DOE," said name of pharmacist being unknown, was aware that Plaintiff BERNADETTE CRAWLEY-MACK had a condition that would render the prescription of the drug at issue contraindicated.

101.    That this occurrence was caused by reason of the negligence of the Defendants, their agents, servants, and/or employees in the ownership, operation, management, maintenance, control, supervision, oversight of pharmacy in question; in permitting pharmacist to work at said pharmacy despite knowledge of bad acts; in negligently hiring and supervision; in failing to have a system in place to check the accuracy of the prescriptions filled; in failing to follow-up with patients/customers; in failing to provide patient/customers with proper instructions; in failing to properly dispense drugs; in failing to properly record transactions; in failing to properly communicate with physicians; in failing to have proper equipment/computer technology to dispense drugs; in not properly labeling prescriptions and in all other ways negligent.

102.    That as a result of the Defendants' negligence, Plaintiffs were caused to suffer severe and serious personal injuries, incurred expenses for medical care and treatment and were unable to attend their usual duties.

103.    As a result of all of the foregoing, Plaintiffs have been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

### AS TO THE FIFTH CAUSE OF ACTION

104.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "103," inclusive with the same force and effect as if fully set forth herein at length.

105.    That at all times hereinafter mentioned, Defendant UNITED HEALTHCARE OF NEW YORK, INC. was a domestic corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York.

106.    That at all times hereinafter mentioned, Defendant UNITED HEALTHCARE OF NEW YORK, INC. was a foreign corporation duly organized and existing pursuant to and by virtue of the laws of the State of New York.

107.    At all times relevant hereto, Plaintiff BERNADETTE CRAWLEY-MACK had health insurance coverage from Defendant UNITED HEALTHCARE OF NEW YORK, INC.

108.    Defendant UNITED HEALTHCARE OF NEW YORK, INC. owed a duty to Plaintiffs to review all prescription medications being filled for the benefit of the Plaintiff BERNADETTE CRAWLEY-MACK.

109.    Defendant UNITED HEALTHCARE OF NEW YORK, INC. owed a duty to the Plaintiffs to contact the pharmacy filling a prescription for the Plaintiffs to inform same if there are potential problems with the medication that is being filled by the pharmacy.

110.    Defendant UNITED HEALTHCARE OF NEW YORK, INC. breached its duty to the Plaintiffs when it failed to notify Defendants RITE AID OF NEW YORK doing business as RITE AID PHARMACY and "JOHN DOE" the name of the Pharmacist being unknown failed to inform them that the medication that was prescribed to Plaintiff BERNADETTE CRAWLEY-MACK was being improperly filled by the handling pharmacist.

111.    Defendant UNITED HEALTHCARE OF NEW YORK, INC. breached its duty to the Plaintiffs when it failed to notify Defendants RITE AID OF NEW YORK doing business as RITE AID PHARMACY and "JOHN DOE" the name of the Pharmacist being unknown, failed to investigate the mistakes these Defendants were making when Plaintiff BERNADETTE

20

CRAWLEY-MACK was returning every 10 days to have her prescription for Levetiracetam, an anti-epileptic medication, refilled.

112.    That as a result of Defendant UNITED HEALTHCARE OF NEW YORK, INC.'s failure to notify Defendants RITE AID OF NEW YORK doing business as RITE AID PHARMACY and "JOHN DOE" the name of the Pharmacist being unknown, of the mistakes they were making with regard to Plaintiff BERNADETTE CRAWLEY-MACK's Levetiracetam prescription, Plaintiff BERNADETTE CRAWLEY-MACK was caused to be injured.

113.    That as a result of the foregoing, the Defendant UNITED HEALTHCARE OF NEW YORK, INC. acted recklessly, wantonly, and without any regard to the safety of Plaintiff.

114.    That as a result of the Defendant UNITED HEALTHCARE OF NEW YORK, INC.'s negligence, Plaintiffs were caused to suffer severe and serious personal injuries, incurred expenses for medical care and treatment and were unable to attend their usual duties.

115.    As a result of all of the foregoing, Plaintiffs have been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

### AS TO THE SIXTH CAUSE OF ACTION

116.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "115," inclusive with the same force and effect as if fully set forth herein at length.

117.    That at all times hereinafter mentioned, Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, was a domestic corporation duly organized and existing pursuant to and by virtue of the law of the State of New York.

21

118.    That at all times hereinafter mentioned, Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, was a foreign corporation duly organized and existing pursuant to and by virtue of the law of the State of New York.

119.    Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, is in the business of designing software for the use in different commercial settings.

120.    Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, is in the business of designing software which are sold to pharmacies to aid the pharmacist(s) in dispensing of medication to patients, like the Plaintiff BERNADETTE CRAWLEY-MACK.

121.    Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, designed a software which included warning indication to the pharmacist(s) using the software to warn the pharmacist(s) when an error is made regarding a particular medication before the medication is given to the patient.

122.    Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, owed a duty to the Plaintiffs to provide Defendants RITE AID and "JOHN DOE," the name of Pharmacist being unknown, with a fully functioning software program that would warn the aforementioned Defendants of any errors pertaining to Levetiracetam medication prior to this medication being provided to PLAINTIFF BERNADETTE CRAWLEY-MACK.

22

123.     Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, breached the duty owed to the Plaintiffs when it failed to provide a fully functional software program to Defendants RITE AID and "JOHN DOE," the name of Pharmacist being unknown, which failed to warn same that the Levetiracetam medication provided to Plaintiff BERNADETTE CRAWLEY-MACK was in excess of the recommended dosage and did not comply with the prescription provided by Plaintiff's treating physician.

124.     Defendant "XYZ CORP.'s" a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, failure to provide a fully functional software program with a functioning warning mechanism caused Plaintiff BERNADETTE CRAWLEY-MACK to return every 10 days to have her prescription for Levetiracetam, an anti-epileptic medication, refilled.

125.     Defendant "XYZ CORP.'s" a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, failure to provide a fully functional software program with a functioning warning mechanism caused Plaintiff BERNADETTE CRAWLEY-MACK to be injured.

126.     That as a result of the foregoing, the Defendant "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, acted recklessly, wantonly, and without any regard to the safety of Plaintiff.

127.     That as a result of the Defendant "XYZ CORP.'s" a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions, negligence, Plaintiffs were caused to suffer severe and serious personal injuries, incurred expenses for medical care and treatment and were unable to attend their usual duties.

23

128.    As a result of all of the foregoing, Plaintiffs have been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

## AS TO THE SEVENTH CAUSE OF ACTION

129.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "128," inclusive with the same force and effect as if fully set forth herein at length.

130.    At all times relevant hereto, Plaintiff KEITH MACK was and is married to the injured Plaintiff BERNADETTE CRAWLEY-MACK, and solely as a result of the Defendants' negligence and malpractice, Plaintiff KEITH MACK suffered loss of consortium, society, companionship, and said services of Plaintiff BERNADETTE CRAWLEY-MACK.

131.    As a result of the Defendants' negligence and malpractice which caused severe and serious personal injuries to Plaintiff BERNADETTE CRAWLEY-MACK, Plaintiff KEITH MACK has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiffs BERNADETTE CRAWLEY-MACK and KIETH MACK demand judgment against the Defendants RITE AID OF NEW YORK INC., doing business as RITE AID PHARMACY, "JOHN DOE," the name of Pharmacist being unknown, UNITED HEALTHCARE INSURANCE COMPANY, and "XYZ CORP." a fictitious software corporation that created the software that is utilized by pharmacies and pharmacists to fill prescriptions in a sum exceeding the jurisdictional limitations of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

24

## ATTORNEY'S CERTIFICATION

*The undersigned hereby certifies that, to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, the presentation of the within Verified Complaint or the contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1(c).*

Dated:          New York, New York
                June 28, 2016

                            **LAW OFFICE OF DIMITRIOS**
                            **KOUROUKLIS, PH.D**
                            *Attorneys for Plaintiffs*
                            20 West 20th Street, 2nd Floor
                            New York, New York 10011
                            (929) 400-7608

                            BY: _____
                                DIMITRIOS KOUROUKLIS

25

## ATTORNEY VERIFICATION
## PURSUANT TO CPLR § 3020(d)(3)

**DIMITRIOS KOUROUKLIS,** an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalties of perjury that:

I am the principal attorney for the LAW OFFICE OF DIMITRIOS KOUROUKLIS, PH.D., attorneys for Plaintiffs, BERNADETTE CRAWLEY-MACK and KEITH MACK, in the above titled action. I have read the foregoing Verified Complaint and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true. The reason this verification is made by me and not by the Plaintiffs is because the Plaintiffs are not located in the county in which their attorneys maintain their offices. The source of my information and the grounds of my beliefs are privileged communications and/or review of the documents contained in the file.

Dated: New York, New York
       June 28, 2016

                                        DIMITRIOS KOUROUKLIS

26

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
BERNADETTE CRAWLEY-MACK and KEITH MACK,

                                    Plaintiffs,

            -against-

RITE AID OF NEW YORK INC., doing business as
RITE AID PHARMACY, "JOHN DOE," the name of
Pharmacist being unknown, and UNITED HEALTHCARE
OF NEW YORK, INC.,

                        Defendants.
-------------------------------------------------------------------X

Index No.:  57012/16

**CERTIFICATE OF
MERIT**

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK  )

        DIMITRIOS KOUROUKLIS, being duly sworn and says:

1.      I submit this Certificate of Merit pursuant to CPLR § 3012(a).

2.      I have reviewed the facts of this case with at least one doctor licensed to practice
        medicine in the State of New York and which doctor I reasonably believe is
        knowledgeable in the issues involved in this case.

3.      Based upon the facts of this case as related to me and as discussed with the doctor
        and based upon the information presently in my possession, on the basis of that
        consultation I believe there is a reasonable basis for the commencement of the
        instant action.

                                                _____
                                                DIMITRIOS KOUROUKLIS

Sworn to before me this
28th day of June, 2016

_____
NOTARY PUBLIC

EFFIMIA SOTER
Notary Public, State of New York
No. 02SO6147482
Qualified in Kings County
Commission Expires June 11, 20 18

27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS              Index #          511012/2016

BERNADETTE CRAWLEY-MACK and KEITH MACK,

                                                        Plaintiffs,

                            -against-


RITE AID OF NEW YORK INC., doing business as RITE AID PHARMACY, "JOHN DOE,"
the name of Pharmacist being unknown, UNITED HEALTHCARE OF NEW YORK, INC.
and "XYZ CORP," a fictitious software corporation that created the software that is utilized
by pharmacies and pharmacists to fill prescriptions,

                                                        Defendants

------------------------------------------------------------------------------------------------

# SUMMONS AND VERIFIED COMPLAINT

------------------------------------------------------------------------------------------------


LAW OFFICE OF DIMITRIOS KOUROUKLIS, PH.D.
20 West 20th Street, 2nd Floor
New York, New York 10011
(929) 400-7608



